UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                                       :

UNITED STATES OF AMERICA           :    **<u>FINAL ORDER OF FORFEITURE</u>**

                         -v.-                              :    14 Cr. 581 (PKC)

LEONARD MARCHETTA,                 :

               Defendant.                   :

------------------------------------ X

        WHEREAS, on or about December 15, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 68), which imposed a Forfeiture Money Judgment against LEONARD MARCHETTA (the "Defendant") and forfeited to the United States all right, title and interest of the defendant in the following property:

                        i.        $35,526 in United States currency seized on July 27, 2013

(the "Residence Funds")

                        ii.       $7,500 in United States currency in Safe Deposit Box #44, T.D. Bank
                        iii.      TD Bank, Acct. #79245606, VL: $9,207.46
                        iv.      TD Bank, Acct. #4282578794, VL: $24,282.61
                        v.       $15,000 in United States currency in Safe Deposit Box #578, T.D. Bank
                        vi.      $10,670 in Safe Deposit Box #581, T.D. Bank
                        vii.     TD Bank, Acct. #4249216840, VL: $3,920.21

(the "TD Bank Funds")

(collectively, the "Specific Property");

        WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any

person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Residence Funds was posted on an official government internet site (www.forfeiture.gov) beginning on February 15, 2019 for thirty (30) consecutive days, through March 16, 2019, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on April 6, 2020 (D.E. 119);

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the TD Bank Funds was posted on an official government internet site (www.forfeiture.gov) beginning on December 19, 2017 for thirty (30) consecutive days, through January 17, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on April 6, 2020 (D.E. 118);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest in the Specific Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
        _____, 2020

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE